# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

NO. 4:06-CR-00091-FL-1
NO. 4:12-CV-00021-FL

| | |
|---|---|
| CARLOS ANTONIO REVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon petitioner Carlos Antonio Revis's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-50). The government seeks to dismiss Revis's motion to vacate as untimely. (DE-46). Revis has not responded to the motion to dismiss and the time for doing so has expired. Accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Revis's motion to vacate (DE-50) be DENIED and that the motion to dismiss (DE-46) be GRANTED.

## I.  BACKGROUND

On February 20, 2007, Revis pled guilty pursuant to a written plea agreement to possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (DE-12, DE-14). On June 21, 2007, this Court sentenced Revis to 170 months in prison and five years of supervised release. (DE-20, DE-21). Revis did not appeal his sentence.

1

However, on October 21, 2008, Revis filed a pro se motion the Court construed as a motion to reduce sentence pursuant to 18 U.S.C. § 3582 (DE-24), and which was denied on July 1, 2009. (DE-28). Revis appealed the Court's denial to the United States Court of Appeals for the Fourth Circuit. (DE-29). On December 3, 2009, the Court of Appeals affirmed this Court's judgment. (DE-33). The mandate from the Fourth Circuit issued on February 3, 2010. (DE-37). Revis did not seek review by the Supreme Court.

On February 13, 2012, Revis filed a pro se motion to vacate raising a Tenth Amendment challenge to 21 U.S.C. § 841. (DE-38). The certificate of service indicates that Revis placed the motion to vacate in the mail on February 6, 2012. Assistant Federal Public Defender Halerie Mahan subsequently entered a notice of appearance on behalf of Revis. (DE-39). Revis filed an amended pro se motion to vacate on April 26, 2012, asserting an additional challenge to his sentence pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (DE-50). Mahan moved to withdraw from the case on July 25, 2012, stating that she did not intend to file any motions on Revis's behalf. (DE-51). The Court granted Mahan's motion to withdraw.

The government asserts that the motion to vacate is untimely and should be dismissed because Revis did not file the petition within one year of his judgment becoming final.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because

the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

3

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

With these legal precepts in mind, the undersigned considers Revis's claims.

4

### III. ANALYSIS

Here, the motion to vacate is untimely. This Court imposed judgment on June 21, 2007. Revis did not appeal his conviction or sentence. As Revis did not file a direct appeal, his conviction became final for purposes of 28 U.S.C. § 2255 on June 21, 2007. *See* United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir.) (concluding that, where a petitioner does not pursue direct appellate review, his judgment of conviction becomes final for purposes of the one-year limitations period for filing a motion pursuant to § 2255 on the date the district court enters judgment), *cert. denied*, 534 U.S. 1032 (2001); Martinez v. Haynes, No. 5:09-HC-2008-D, 2010 U.S. Dist. LEXIS 82498, at *6-7 (E.D.N.C. Aug. 4, 2010) (applying same analysis for 28 U.S.C. § 2254 petition). Revis did not file his motion to vacate until February 13, 2012, more than four years after his conviction was final.[1] The motion to vacate is therefore untimely and should be dismissed.

Revis contends that his motion should be considered timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Revis contends that the Fourth Circuit's decision in *Simmons* constitutes a "fact supporting [his] claim," and he therefore asserts that the limitation period for filing his § 2255 motion should toll from that opinion's August 17, 2011 issuance date.

---

1. Revis's unsuccessful 18 U.S.C. § 3582 motion did not alter the finality of his judgment of conviction. *See* 18 U.S.C. § 3582(b). Even if the finality of Revis's judgment of conviction is tied to his § 3582 proceedings, however, he filed the instant motion to vacate more than one year after those proceedings became final.

This argument has been squarely rejected by this Court, however. *See* United States v. Hardison, Nos. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 U.S. Dist. LEXIS 14802, at *5 (E.D.N.C. Dec. 27, 2011) (concluding that the Fourth Circuit's decision in *Simmons* does not constitute a "fact supporting [a 2255] claim" pursuant to 28 U.S.C. § 2255(f)(4)). More importantly, the Fourth Circuit has now determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, 691 F.3d 554, 2012 U.S. App. LEXIS 17485, at *14-15 (4th Cir. 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* at *14. Accordingly, the Fourth Circuit in *Powell* dismissed the § 2255 motion as untimely. *Id*. at *15.

Revis also asserts his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides for review within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As grounds for his "newly recognized right," Revis argues that it was not until the Supreme Court's decision in Bond v. United States, 131 S. Ct. 2355 (2011), that he had the right to pursue the Tenth Amendment challenge to 21 U.S.C. § 841 that he attempts to raise in the instant motion to vacate. But while *Bond* did hold that a defendant had standing to challenge a federal statute as violating the Tenth Amendment, or raise challenges based on separation of powers, these are not newly recognized rights. In fact, in the *Bond* decision, the Supreme Court specifically acknowledged a 1991 Fourth Circuit opinion as

6

consistent with its decision regarding a defendant's right to raise a challenge under the Tenth Amendment. Bond, 131 S. Ct. at 2361 (citing Metrolina Family Practice Group, P.A. v. Sullivan, 767 F. Supp. 1314 (W.D.N.C.), *aff'd*, 929 F.2d 693 (4th Cir. 1991)). As such, Revis's argument that his motion to vacate is timely because *Bond* recognized a new right and made it retroactive to cases on collateral review fails. *See* McCreary v. United States, Nos. 3:12-CV-307-RJC, 3:06-CR-190-RJC-1, 2012 U.S. Dist. LEXIS 92083, at *7-8 (W.D.N.C. July 3, 2012) (rejecting the petitioner's argument that his § 2255 petition was timely under 28 U.S.C. § 2255(f)(3) in light of the Supreme Court's decision in *Bond*); Chaney v. United States, Nos. 3:12-CV-195-MOC, 3:03-CR-40, 2012 U.S. Dist. LEXIS 42408, at *4-7 (W.D.N.C. Mar. 28, 2012) (same). Accordingly, 28 U.S.C. § 2255(f)(3) does not assist Revis and the motion to vacate is untimely.

Finally, although Revis does not raise the issue, the undersigned finds no grounds for equitable tolling, which is a "rare" remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Revis has not shown that he has diligently pursued his rights or that misconduct or extraordinary circumstances prevented him from timely filing the instant motion to vacate. *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling, despite the government's concession that the petitioner was actually innocent of being a felon in possession of a firearm in light of *Simmons*).

The undersigned therefore concludes that the motion to vacate is untimely and should be dismissed.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned RECOMMENDS that Revis's motion to vacate

7

(DE-50) be DENIED and that the government's motion to dismiss (DE-46) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, October 18, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE